**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Marvin DORSEY, Defendant–Appellant.**

**No. 94–5654.**

United States Court of Appeals,
Fourth Circuit.

Argued July 11, 1995.

Decided Aug. 9, 1995.

**ARGUED:** Donna M. D'Alessio, Asst. Federal Public Defender, Baltimore, MD, for appellant. Stephen S. Zimmerman, Asst. U.S. Atty., Greenbelt, MD, for appellee. **ON BRIEF:** James K. Bredar, Federal Public Defender, Baltimore, MD, for appellant. Lynne A. Battaglia, U.S. Atty., Barbara Skalla, Asst. U.S. Atty., Greenbelt, MD, for appellee.

---

Before WILKINS and LUTTIG, Circuit Judges, and JOSEPH F. ANDERSON, Jr., United States District Judge for the District of South Carolina, sitting by designation.

Affirmed in part and dismissed in part by published opinion. Judge WILKINS wrote the opinion, in which Judge LUTTIG and Judge ANDERSON joined.

## OPINION

WILKINS, Circuit Judge:

Marvin Dorsey appeals his sentence, asserting that the district court erred in concluding that it lacked the authority to depart on the basis of what he characterizes as his "substantial assistance to the judicial system" and in misunderstanding its authority to depart on the basis that his status as a career offender significantly overrepresented the likelihood of recidivism. Finding no merit to either claim, we affirm as to the first and dismiss as to the second.

## I.

The facts are not in dispute. Dorsey and six codefendants were charged with various narcotics violations. Pursuant to a plea agreement, Dorsey waived indictment and pled guilty to a single-count information charging him with possession with the intent to distribute heroin in violation of 21 U.S.C.A. § 841(a)(1) (West 1981). As part of his plea agreement, Dorsey admitted that he distributed in excess of 100 grams of heroin. Dorsey's plea agreement did not require his cooperation with authorities or obligate the Government to move for a downward departure from Dorsey's guideline range based on substantial assistance.

Because Dorsey had a criminal record involving violence and drugs, there is no dispute that Dorsey qualified as a career offender under United States Sentencing Commission, *Guidelines Manual*, § 4B1.1 (Nov.

1993).[1] And, because the statutory maximum penalty for the offense of conviction was 40 years, *see* 21 U.S.C.A. § 841(b)(1)(B) (West Supp.1995), his base offense level was 34, *see* U.S.S.G. § 4B1.1(B). The district court reduced this base offense level by three levels for acceptance of responsibility. *See* U.S.S.G. § 3E1.1. Level 31, coupled with the career offender mandatory Criminal History Category VI, produced a sentencing range of 188 to 235 months imprisonment.

At the sentencing hearing, Dorsey requested downward departures on three bases, only two of which are relevant here. First, Dorsey urged the district court to sentence him below the applicable guideline range by use of a downward departure based on what he labeled "substantial assistance to the judicial system." In support of this position, Dorsey asserted that he—acting without any request from the Government—personally and through his trial counsel, worked diligently almost from the time of his arrest to attempt to negotiate a "global plea agreement" between the Government and all seven codefendants, including himself. As a result of his efforts and his own guilty plea, Dorsey maintained, he helped "break a logjam in a multi-defendant case" and conserve "precious future judicial resources" by persuading six of the seven codefendants to plead guilty.[2] The district court rejected this novel argument, concluding that "substantial assistance to the judicial system" was not a proper basis for departure.

Dorsey also argued that he was entitled to a downward departure because his Criminal History Category VI significantly overrepresented the likelihood that he would commit crimes in the future. *See* U.S.S.G. § 4A1.3, p.s. After a lengthy colloquy regarding the validity of such a departure, the district court concluded that Dorsey had not shown that he was unlikely to commit further crimes and thus declined to depart on this basis.

---

1. Section 4B1.1 provides in pertinent part:
   A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

2. The Government strongly disputes this claim, emphatically stating that it is "simply not true." Nevertheless, for purposes of this appeal, we accept Dorsey's claim as factually correct.

Having rejected Dorsey's proposed bases for downward departure, the district court imposed a sentence of 188 months imprisonment.

## II.

Dorsey maintains that the district court erred in concluding that it was without authority to sentence pursuant to a downward departure based on his alleged assistance to the judicial system. *See United States v. Bayerle,* 898 F.2d 28, 31 (4th Cir.) (a refusal to depart is reviewable when it is based on the erroneous conclusion of the district court that it lacked authority to depart), *cert. denied,* 498 U.S. 819, 111 S.Ct. 65, 112 L.Ed.2d 39 (1990). This is a legal question, which we review de novo. *United States v. Daughtrey,* 874 F.2d 213, 217 (4th Cir.1989).

In order to depart, the sentencing court must first identify "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C.A. § 3553(b) (West Supp.1995).[3] The question of whether a defendant's "substantial assistance to the judicial system" constitutes a mitigating circumstance not adequately considered by the Sentencing Commission is one of first impression in this circuit. The only authority Dorsey cites in support of this new departure ground is *United States v. Garcia,* 926 F.2d 125 (2d Cir.1991). In *Garcia,* the Court of Appeals for the Second Circuit affirmed the finding of the district court that Garcia's early guilty plea and willingness to testify against his coconspirators "facilitat[ed] the proper administration of justice" and upheld a downward departure by the district court on this basis. *Id.* at 127–28 (internal quotation marks omitted). However, several other courts of appeals have either rejected or declined to follow this reasoning. *See United States v. Shrewsberry,* 980 F.2d 1296, 1297–98 (9th Cir.1992), *cert. denied,* — U.S. —, 114 S.Ct. 120, 126 L.Ed.2d 84 (1993); *see*

*also United States v. Lockyer,* 966 F.2d 1390, 1391–92 (11th Cir.1992) (declining to apply *Garcia* to the facts and circumstances before the court); *United States v. Smith,* 953 F.2d 1060, 1063–64 (7th Cir.1992) (citing *Garcia* and concluding that U.S.S.G. § 5K1.1 exhausts the avenues for departure due to assistance to the Government).

■ We conclude that "substantial assistance to the judicial system" is not a proper basis for departure. The Sentencing Commission specifically addressed cooperation by a defendant in formulating the guidelines. First, the sentencing court has the authority to reward a defendant's cooperation by reducing the base offense level by two pursuant to U.S.S.G. § 3E1.1 if he accepts responsibility for his offense and by one additional level if, in addition to having an offense level of 16 or greater, the defendant "timely provid[es] complete information to the government concerning his own involvement in the offense" or "timely notif[ies] authorities of his intention to enter a plea of guilty." And, upon a motion by the Government, the district court may depart downward pursuant to U.S.S.G. § 5K1.1, a guideline that follows as a statutory model 18 U.S.C.A. § 3553(c) (West Supp. 1995). Section 5K1.1 addresses the circumstance of a cooperating defendant who, by providing substantial assistance in the investigation or prosecution of another person, does more than qualify for an adjustment to his base offense level due to acceptance of responsibility. The fact that a district court may not reward such assistance without a motion by the Government does not diminish the adequacy of the consideration given by the Sentencing Commission to the appropriate treatment of cooperating defendants.[4]

We can envision no circumstance in which "assistance to the judicial system" would not also be of assistance to the Government. While the guilty pleas of Dorsey's coconspirators undoubtedly saved the judicial system trial time, the pleas also aided the Govern-

---

**3.** Section 3553(b) also provides that "[i]n determining whether a circumstance was adequately taken into consideration, the court shall consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission."

**4.** Dorsey concedes that the Government had no obligation to make a U.S.S.G. § 5K1.1 motion.

ment in obtaining convictions without the necessity of a trial. *See Shrewsberry*, 980 F.2d at 1298. Putting a different label on a circumstance adequately considered by the Sentencing Commission, and calling it a different circumstance, does not transform it into an appropriate basis for departure. Accordingly, we decline this opportunity to embrace *Garcia* and join those circuits that have rejected its reasoning and holding.

### III.

■ Dorsey also requested a downward departure from his career offender guideline range pursuant to U.S.S.G. § 4A1.3, arguing that his Criminal History Category VI significantly overrepresented the likelihood that he would commit crimes in the future. He charges that the district court declined to depart because it believed it lacked the authority to do so. However, the record of the sentencing proceeding belies this contention. While the district court did express skepticism about the validity of this ground as a basis for departure, it specifically found that, assuming it had the authority to depart, it would not do so, stating that it found nothing in Dorsey's criminal history to indicate that he was unlikely to commit future crimes. Because the district court recognized its authority to depart on this basis, its refusal to depart is not reviewable on appeal. *See Bayerle*, 898 F.2d at 30–31.

### IV.

In conclusion, because "substantial assistance to the judicial system" is not a proper basis for a downward departure, we affirm the district court as to this issue. Because the refusal of a district court to depart is not reviewable on appeal, we dismiss Dorsey's assignment of error regarding the election of the district court not to depart on the basis that his status as a career offender overstates the likelihood that he will commit crimes in the future.

*AFFIRMED IN PART; DISMISSED IN PART.*