**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellant,

v.                                                          No. 95-5462

ANDRE R. SMITH, a/k/a Erko,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-94-79)

Submitted: February 27, 1996

Decided: May 23, 1996

Before WIDENER, WILLIAMS, and MOTZ, Circuit Judges.

_____

Vacated and remanded for resentencing by unpublished per curiam
opinion.

_____

**COUNSEL**

Helen F. Fahey, United States Attorney, William G. Otis, Senior Litigation Counsel, Alexandria, Virginia, for Appellant. David P. Baugh, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Andre Smith pled guilty to conspiracy to possess with intent to distribute and to distribute cocaine base and heroin, see 21 U.S.C.A. § 841(a), 846 (West 1981 & Supp. 1995), money laundering, see 18 U.S.C.A. §§ 2, 1956(a)(1)(B)(i) (West 1969 & Supp. 1995), and using or carrying a firearm during and in relation to a drug trafficking crime, see 18 U.S.C.A. § 924(c)(1) (West Supp. 1995). The Government appeals Smith's sentence, arguing that the district court erred in basing a downward departure on a proposed amendment to § 2D1.1 of the sentencing guidelines.* We vacate and remand for resentencing.

The district court granted Smith's motion for a downward departure based on a proposed amendment to U.S.S.G. § 2D1.1 that would have eliminated the 100:1 ratio of powder cocaine to cocaine base, pursuant to which Smith's guideline range had been calculated. The district court reasoned that the Sentencing Commission's decision to propose the amendment indicated its view that the 100:1 ratio was not adequately considered when adopted by the Commission, and, accordingly, that the proposed amendment provided a valid basis for departure. See United States v. Dorsey, 61 F.3d 260, 262 (4th Cir. 1995) (noting that in order to depart the district court must first identify a circumstance not adequately taken into consideration by the Sentencing Commission in formulating the guidelines), cert. denied, 116 S. Ct. 732 (1996). We review de novo the district court's determination that a factor was not adequately considered by the Commission. See United States v. Hummer, 916 F.2d 186, 192 (4th Cir. 1990), cert. denied, 499 U.S. 970 (1991).

We conclude that the mere fact that the Sentencing Commission amends (or proposes to amend) a guideline does not necessarily mean that the guideline was not adequately considered when adopted. And, consistent with our repeated affirmations of the validity of the 100:1 ratio of powder cocaine to cocaine base, see, e.g., United States v.

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1994).

2

Wallace, 22 F.3d 84, 88 (4th Cir.) (collecting cases), cert. denied, 114 S. Ct. 281 (1994), we conclude that the Commission's proposed amendment to § 2D1.1 does not indicate that the 100:1 ratio was inadequately considered by the Sentencing Commission when it was adopted. See also United States v. Anderson, ___ F.3d ___, 1996 WL 174568, at *2 (D.C. Cir. April 16, 1996) (holding that Commission's proposed amendment to § 2D1.1 does not show that the Commission failed to consider adequately the 100:1 ratio when it was adopted). The proposed amendment therefore does not furnish a basis for downward departure. Accordingly, we vacate Smith's sentence and remand for resentencing.

VACATED AND REMANDED FOR RESENTENCING

3