**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 94-5814

SAMUEL ROBERT QUEEN, JR., a/k/a
Fat Sammy,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 95-5022

SAMUEL ROBERT QUEEN, JR., a/k/a
Fat Sammy,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 95-5112

SAMUEL ROBERT QUEEN, JR., a/k/a
Fat Sammy,
Defendant-Appellant.

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
Walter E. Black Jr., Senior District Judge.
(CR-93-369-B)

Argued: June 7, 1996

Decided: August 30, 1996

Before HALL and ERVIN, Circuit Judges, and JACKSON,
United States District Judge for the Eastern District of Virginia,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Edwin R. Burkhardt, Jr., Baltimore, Maryland, for Appel-
lant. Jan Paul Miller, Assistant United States Attorney, UNITED
STATES ATTORNEY'S OFFICE, Greenbelt, Maryland, for Appel-
lee. **ON BRIEF:** Alan C. Drew, Upper Marlboro, Maryland, for
Appellant. Lynne A. Battaglia, United States Attorney, Stephen S.
Zimmermann, Assistant United States Attorney, Greenbelt, Maryland,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Samuel Robert Queen, Jr., seeks review of the district
court's decision to deny his motion to withdraw the guilty plea he
entered, as well as the court's refusal to depart downward in sentenc-
ing. Finding no merit in Queen's arguments, we affirm the decision
below.

I.

Queen was indicted on one count of conspiracy to possess heroin
with the intent to distribute. He retained James Savage as counsel and

pled not guilty at his arraignment on September 20, 1993. He was rearraigned on January 27, 1994, and pled guilty. At the comprehensive Rule 11 hearing, Queen stated that he had no trouble reading and writing. He stated that his treatment for a mental illness around the ages of 10-14 would not affect his present ability to make important decisions. When asked whether he was satisfied with Savage's counsel, Queen responded, "Yes, so far." The court asked, "Mr. Queen, do you in fact admit that you did commit the crime charged in count one of the indictment?" Queen responded, "Yes, I do." Later Queen noted that he did not "totally agree with everything in the [government's] statement of facts," but understood that if the matter went to trial "they could possibly prove this."

On February 22, 1994, Queen moved to vacate his guilty plea, and Savage moved to withdraw as counsel. The district court granted Savage's motion to withdraw and appointed Brian Murphy to represent Queen; the court later denied Queen's motion to withdraw his guilty plea. Queen filed a number of pro se motions seeking to remove Murphy as his counsel, all of which the district court denied. On February 15, 1994, the district court sentenced Queen to 360 months' imprisonment, to be followed by five years of supervised release. On February 24, Murphy sought leave to withdraw as Queen's appointed counsel. The Fourth Circuit relieved Murphy and appointed Alan Drew as Queen's new counsel, and later relieved Drew and appointed Scott Kamins. Yet another attorney, Edwin Burkhardt, replaced Kamins and presented Queen's oral argument.

II.

Queen now seeks review of the district court's decision to deny his motion to withdraw the guilty plea. Federal Rule of Criminal Procedure 11 controls the entry of guilty pleas. Before accepting a plea, the district court must address the defendant in open court and ensure that the plea is voluntary, and that the defendant understands the consequences of the plea, the possible penalties, and the rights that will be relinquished by pleading guilty (for example, the right to a trial by jury and the right to confront witnesses). Fed. R. Crim. P. 11(c), (d). Rule 11 specifies that a district court "should not enter a judgment upon [a guilty] plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." The district court has wide

3

discretion in determining whether there is a factual basis for a guilty plea. United States v. Morrow, 914 F.2d 608, 611 (4th Cir. 1990). A district court's decision to accept a guilty plea is reviewed for clear error. Kibert v. Blankenship, 611 F.2d 520, 525 (4th Cir. 1979), cert. denied, 446 U.S. 911 (1980).

Rule 32(e) governs a defendant's attempt to withdraw a guilty plea, and provides that if a motion "is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason." Fed. R. Crim. P. 32(e). The Advisory Committee Notes to Rule 32(d), which formerly embodied this rule, explain that the burden is on the defendant to show a "fair and just" reason for withdrawing. In the Fourth Circuit, "[a]n appropriately conducted Rule 11 proceeding" creates "a strong presumption that the plea is final and binding." United States v. Lambey , 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc), cert. denied, 115 S. Ct. 672 (1994). This court has also enumerated factors that bear on whether the defendant has met his or her burden under Rule 32:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

United States v. Moore, 931 F.2d 245, 248 (4th Cir.), cert. denied, 502 U.S. 857 (1991). The decision to allow withdrawal of a guilty plea is left to the district court's discretion, and so is reviewed on appeal for abuse of discretion. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995); Lambey, 974 F.2d at 1393.

The district court concluded that Queen failed to show a fair and just reason for withdrawing his guilty plea. Though the court acknowledged that some factors might weigh in favor of allowing Queen to withdraw his plea, it found two Moore factors--whether the

4

plea was entered knowingly and voluntarily and whether it was entered with the assistance of competent counsel--to be dispositive:

> Despite the somewhat strained relationship between Queen and his attorney, James Savage, the evidence indicates that Savage was an experienced defense lawyer who acted to advance the interest of his client. At the Rule 11 proceeding Queen expressed satisfaction with Mr. Savage's representation, in particular with his advice regarding the guilty plea.

> This Court finds that Queen entered his plea with the close assistance of competent counsel. The Court finds that defendant knowingly and voluntarily entered his plea. . . .

> Based on the evidence, the Court finds the defendant knew what he was doing when he accepted the plea agreement. Defendant's course of action shows that having solidified a thirty year maximum sentence his motion to withdraw is essentially an attempt to negotiate a better agreement.

Joint Appendix at 494-96 (transcript of oral opinion).

As the first proffered basis for withdrawal of his plea, Queen argues that his Rule 11 proceeding was "defective" because the district court did not know about "the serious conflict between the appellant and his counsel concerning the entry of a guilty plea." But Queen specifically stated that he was satisfied with his counsel's representation "so far," and his signature on the plea agreement acknowledged, "I am fully satisfied with my attorney." We find that the Rule 11 hearing in the district court was thorough and more than adequate to ensure that the plea was entered appropriately.

Queen also argues that there was not a sufficient factual basis on which the district court could accept his guilty plea. He contends that he simply acknowledged that the government might be able to prove its case against him. But he did in fact admit that he had committed the crime charged, and Rule 11 does not require that a criminal defendant agree with every detail in the government's statement of facts.

5

The district court did not abuse its discretion by finding a factual basis for Queen's guilty plea.

III.

Finally, Queen argues that the district court should have granted his request to depart downward in sentencing based on his "role in averting the necessity of a trial in connection with the other defendants." He argues that such a departure is appropriate under 18 U.S.C. § 3553(b), which allows departures based on mitigating circumstances not "adequately taken into consideration by the Sentencing Commission in formulating the guidelines."

Queen's argument is foreclosed by United States v. Dorsey, in which the Fourth Circuit considered a similar argument by one of Queen's co-defendants and held that "`substantial assistance to the judicial system' is not a proper basis for departure." United States v. Dorsey, 61 F.3d 260, 262 (4th Cir. 1995), cert. denied, 116 S. Ct. 732 (1996). The court held that the Guidelines addressed "substantial assistance to the Government," and "[p]utting a different label on a circumstance adequately considered by the Sentencing Commission and calling it a different circumstance, does not transform it into an appropriate basis for departure." Id. at 263.

IV.

We find no abuse of discretion in the district court's decision to deny Queen's effort to withdraw his guilty plea, and find Queen's argument for a departure from the Sentencing Guidelines to be without merit. Accordingly, the decision below is

AFFIRMED.