**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                 No. 96-4710

GLENN WADE MCFADDEN,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CR-96-91-A)

Submitted: May 29, 1997

Decided: June 17, 1997

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles G. Aschmann, Jr., ASCHMANN & ASCHMANN, Alexandria, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Robert A. Spencer, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Glenn Wade McFadden was convicted by a jury of three counts of bank robbery, 18 U.S.C. § 2113(a) (1994), and one count of conspiracy to commit bank robbery, 18 U.S.C. § 371 (1994), and was subsequently sentenced to 168 months imprisonment. On appeal, McFadden challenges the sufficiency of the evidence and the district court's denial of a downward departure during sentencing. Finding no error, we affirm.

At trial, Richard Day testified that over a period of two months he and McFadden robbed or attempted to rob several banks. He stated that typically, McFadden would drive and case the bank. Day would then proceed into the bank, present the demand note, and take the money. They would then divide the profits. Furthermore, at least two bank employees identified McFadden as the individual casing the banks just before the subject robberies. The Government also introduced into evidence bank surveillance photographs of McFadden taken during one of the subject robberies. McFadden was apprehended on the day of the last two robberies after a high-speed chase. At this time, police discovered a demand note, the same clothing that appeared in the bank surveillance photographs, dye-stained currency and clothes, and bait bills in his car. Lastly, McFadden after waiving his rights, admitted to the FBI that he robbed a series of banks with Day.

We must sustain a jury's verdict if there is substantial evidence to support it, taking the view most favorable to the Government. See Glasser v. United States, 315 U.S. 60, 80 (1942). This Court does not weigh the evidence or review the credibility of witnesses in resolving issues of substantial evidence. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

To support a conviction of bank robbery under § 2113(a), the Government must prove that the defendant took, from a person or in the presence of another, money belonging to or in the custody of, a federally insured savings and loan or bank, by force or intimidation. 18 U.S.C. § 2113(a). To sustain a conspiracy conviction, the government

2

must prove: (1) the existence of a conspiracy, (2) that the defendant knew of the conspiracy, and (3) that the defendant voluntarily became a part of the conspiracy. United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc). Knowledge and participation in the conspiracy may be proved by circumstantial evidence. Id.; see also United States v. Meredith, 824 F.2d 1418, 1428 (4th Cir. 1987). Viewing the evidence in the light most favorable to the Government, we find it sufficient for a rational jury to find defendant guilty beyond a reasonable doubt of both crimes.

McFadden also maintains that the district court erred in denying him a downward departure during sentencing on the grounds that his co-conspirator received a lighter sentence and because his criminal history category was overstated. It is well established that a defendant may not challenge a sentence merely because of the disparity between his sentence and a co-conspirator's sentence. United States v. Ellis, 975 F.2d 1061, 1065-66 (4th Cir. 1992) (absent proof of actual prosecutorial misconduct, no downward departure based on disparity of sentences among co-defendants). Furthermore, the district court's refusal to depart below the guideline range is not reviewable on appeal unless the court mistakenly believes it lacks authority to depart. United States v. Dorsey, 61 F.3d 260, 263 (4th Cir. 1995). Here, there is no indication from the record that the district court mistakenly believed that it did not have the ability to depart. We therefore do not review the court's refusal to depart downward.

Accordingly, we affirm McFadden's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3