**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4699

BRYANT LAMAR ALEXANDER, a/k/a
BA,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 97-4054

LONNIE HAMES, JR.,
Defendant-Appellant.

Appeals from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, Chief District Judge.
(CR-95-178-V)

Submitted: August 5, 1997

Decided: August 18, 1997

Before HALL, HAMILTON, and LUTTIG, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

John Stuart Bruce, Acting Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellants. Mark T. Calloway, United States Attorney, Gretchen C. F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bryant Lamar Alexander and Lonnie Hames, Jr., each pled guilty to participating in a conspiracy to possess with intent to distribute and to distribute cocaine and crack cocaine within 1000 feet of a school and a playground in violation of 21 U.S.C. § 846 (1994). The court sentenced Alexander to 168 months and Hames to 360 months imprisonment, with each sentence to be followed by a ten-year term of supervised release. Alexander appeals his conviction, and Hames appeals his sentence. We dismiss Alexander's appeal based on the waiver in his plea agreement and dismiss Hames' appeal because the district court's decision not to depart is not reviewable.

Alexander contends that the district court violated Fed. R. Crim. P. 11(c)(1), when it failed to inform him of the mandatory ten-year term of supervised release. The Government correctly notes, however, that Alexander expressly waived his right to appeal in the plea agreement. A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995). In determining whether a waiver is knowing and intelligent, we examine the particular facts and circumstances of the case, including the background, experience, and conduct of the defendant. Id.

2

Although Alexander claims that he did not understand the full significance of the waiver provision, the transcript of Alexander's Rule 11 hearing belies his claim. After reviewing the written plea agreement with counsel, Alexander signed the agreement containing a provision that expressly waived the right to contest his conviction or sentence in any direct appeal or post-conviction action, except for claims of ineffective assistance of counsel or prosecutorial misconduct. At the Rule 11 hearing, Alexander stated that he was satisfied with counsel's services. The Government summarized the plea agreement--including the waiver provision. Alexander acknowledged his signature on the agreement and said that he understood and agreed with the Government's summary. When the district court specifically asked Alexander about the waiver, he stated that he understood he was waiving his right to appeal. On these facts, we find that Alexander's waiver is knowing and intelligent. See Broughton-Jones, 71 F.3d at 1146. Because a valid waiver forecloses the right to appeal, we dismiss Alexander's appeal.

Hames asserts that the district court abused its discretion in failing to grant a downward departure on the ground that criminal history category VI overstated the seriousness of his criminal history. The district court's refusal to depart below the guideline range is not reviewable on appeal, unless the court mistakenly believes it lacks authority to depart. United States v. Dorsey, 61 F.3d 260, 263 (4th Cir. 1995) (citing United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990)), cert. denied, 116 S. Ct. 732 (1996). Hames stated that the court acknowledged it had the authority to depart. Because the court was aware of its authority to depart below the guideline range, we dismiss Hames' appeal.

Accordingly, we dismiss the appeals. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3