**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                              No. 95-5624

LENMORE DERRICK DYER,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, District Judge.
(CR-94-169-MU)

Submitted: August 5, 1997

Decided: September 30, 1997

Before WILKINS, NIEMEYER, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles L. Morgan, Jr., Charlotte, North Carolina, for Appellant.
Mark T. Calloway, United States Attorney, Robert J. Higdon, Jr.,
Assistant United States Attorney, Charlotte, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant Lenmore Derrick Dyer was convicted pursuant to his guilty plea of one count of conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846 (1994). Dyer's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging whether the district court erred in denying Dyer's request for a downward departure from the Sentencing Guidelines* based on his alleged substantial assistance. Finding no error, we affirm.

Dyer was a member of a conspiracy which distributed cocaine and crack cocaine in North Carolina. The conspirators were arrested following a sting operation in which one of the conspirators sold drugs to an undercover police officer on several occasions. Dyer admitted, for sentencing purposes, that the amount of cocaine reasonably foreseeable to him was in excess of 1.5 kilograms. At sentencing, Dyer requested a downward departure from the Guidelines based on his alleged substantial assistance. However, the Government declined to make such a motion pursuant to USSG § 5K1.1 because it did not feel Dyer provided any helpful information. The plea agreement, which bears the signatures of Dyer and his attorney and which the court accepted after a proper Fed. R. Crim. P. 11 hearing, states that the Government, "in its sole discretion, shall determine whether said assistance has been substantial." Accordingly, the district court denied Dyer's request.

Substantial assistance is not a proper basis for departure, and a district court may not grant such a request, absent a motion from the government. See United States v. Dorsey, 61 F.3d 260, 261-62 (4th Cir. 1995), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3466 (U.S. Jan. 8, 1996) (No. 95-6683). We have examined the entire record in this case in accordance with the requirements of Anders and find no meritorious issues for appeal. The court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1996).

2

United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We affirm Dyer's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3