**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 97-4769

WILLIE CAMP, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-97-148)

Submitted: April 21, 1998

Decided: May 8, 1998

Before MURNAGHAN, ERVIN, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Timothy E. Meacham, JEBAILY & GLASS, P.A., Florence, South
Carolina, for Appellant. William Earl Day, II, Assistant United States
Attorney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Willie Camp, Jr., pleaded guilty to conspiracy to distribute crack cocaine, in violation of 21 U.S.C. § 846 (1994). The court sentenced Camp to 324 months imprisonment followed by five years of supervised release and a special assessment fee of $100. Camp appeals his sentence. Camp's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising four possible issues for review. Camp was informed of his right to file a pro se supplemental brief, which he has failed to file.

Camp's counsel first asserts that the Government failed to prove by a preponderance of the evidence the alleged amounts of drugs attributable to Camp. At the sentencing hearing, Camp admitted to selling seventeen ounces of powder cocaine and twelve ounces of crack cocaine, but objected to the pre-sentence report that held him responsible for more than two kilograms of crack cocaine. In response, the Government called several witnesses who testified to the amount of drugs they either sold to Camp or purchased from Camp. Based on their testimony, the district court determined that Camp was responsible for over 1.5 kilograms of crack cocaine. Camp fails to establish that the district court erred in its finding of fact based on the testimony at the sentencing hearing. See United States v. Fletcher, 74 F.3d 49, 55 (4th Cir. 1996). Therefore, this issue is meritless.

Camp's counsel next asserts that the district court erred by denying a reduction in sentence for acceptance of responsibility and failing to review the Government's refusal to move for a reduction in sentence based on substantial assistance. A sentencing court's determination of whether a reduction should be given is entitled to great deference and is reviewed for clear error. See 18 U.S.C.§ 3742 (West Supp. 1997); United States v. Cusack, 901 F.2d 29, 31 (4th Cir. 1990). Camp's counsel asserts that Camp's entry of a guilty plea and acceptance of responsibility for his conduct is sufficient evidence to warrant a downward departure. However, a guilty plea does not automatically entitle a defendant to such relief. See Cusack , 901 F.2d at 32. In making its determination not to grant a downward departure, the court determined that although Camp admitted to some drug transactions,

2

he denied the scope of all the drug transactions and gave inconsistent testimony as to the transactions. Camp therefore fails to establish that the court clearly erred in denying a downward departure for acceptance of responsibility.

Also, a district court may not grant a request for departure based on substantial assistance absent a motion from the government. See United States v. Dorsey, 61 F.3d 260, 262 (4th Cir. 1995). The Government declined to make a motion for downward departure based on substantial assistance because it did not feel Camp fully cooperated. The Government asserted that Camp had been deceptive when questioned about individuals with whom he had been dealing drugs and that he failed a polygraph test that was required under the plea agreement.

Finally, Camp's counsel asserts that the district court improperly allowed evidence of a polygraph test and improperly relied on the results of the polygraph test to allow the Government to refuse to move for a downward departure. In determining facts relevant to sentencing, courts are not limited to consideration of evidence which would be admissible at trial. See 18 U.S.C.§ 3661 (1994). A sentencing court may consider any information concerning the defendant's background, character, and conduct. See id. Thus, this claim is without merit.

In accordance with the requirements of Anders , we have examined the entire record in this case and find no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3